## William Cloke et al.
### v.
### Martin Shafroth.

*Warehousemen—Trading in Property of Depositors—Liability in Case of Loss by Fire.*

1. Warehousemen can not lawfully trade in property of depositors, without their consent.

2. Where they do so trade with part of grain deposited, they authorize the original owners to treat the entire lot delivered, as sold to the warehousemen, and, in case of its destruction by fire, are liable for the full amount, and not merely for the shortage.

[Opinion filed September 20, 1890.]

Appeal from the Circuit Court of Ford County; the Hon. A. Sample, Judge, presiding.

Mr. C. H. Payson, for appellants.

Messrs. COOK & MOFFETT, for appellee.

PLEASANTS, J. This is a companion case to that of the same appellants against Dowse, of this term, with the difference, however, that here the corn in question was never in their warehouse, nor in any crib or other building used in connection with it. It was hauled there on September 28th, but the elevating machinery being then out of order, it was, at their suggestion, shoveled into cars, and was by them so shipped to Chicago and sold, they receiving the money.

We apprehend that in any aspect of the case, they are liable. They claim the corn was, in effect, stored; that they kept on hand and could have delivered to appellee on his demand, at any time before the fire (which occurred on the 1st of October), an equal quantity, of like grade and quality; and that as their warehouse was burned without their fault, he should bear the loss.

But as we saw in the other case, they never had in store at any one time, the equivalent of what they were responsible for as warehousemen, and when the corn in question was shipped out were far short. They could have met appellee's demand only by giving him corn in the ear, or corn due to other parties, and not their own. We do not understand that warehousemen may lawfully trade in the property of depositors without their consent, unless they keep on hand for them its full equivalent in kind. The amount here is shown to have been 1,010 bushels, and the judgment for $262.60 will be affirmed.

*Judgment affirmed.*